*434 ALICE M. BATCHELDER, Circuit Judge,
concurring in part and dissenting in part.
I concur in this opinion except for the Section III of the DISCUSSION section. The Appellant devotes one brief and cursory paragraph of his brief, to what he referred to in his factual statement as “Item 8” of OSU’s allegedly discriminatory actions. He repeats this cursory paragraph, without any further development or argument, in his reply brief. It is this item that the majority opinion frames as whether the denial of an internal appeal can be a cognizable act of retaliation under the new standard for an adverse material action in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). But Appellant never developed this argument in the district court or on appeal, and thus it is waived. As we have repeatedly held, “[w]e require parties to develop their arguments in a non-perfunctory manner at the risk of having them deemed waived.” United States v. Catalan, 499 F.3d 604, 606 (6th Cir.2007). We have cautioned that “[tissues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,” and that “[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.” McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997) (internal quotations and citation omitted); see also United States v. Robinson, 390 F.3d 853, 885-86 (6th Cir.2004); United States v. Reed, 167 F.3d 984, 993 (6th Cir.1999) (invoking this rule to deem an issue forfeited). In my view, because Appellant failed to raise and develop the issue, he has waived it.